STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Judith A. PAYNE, Respondent.

OBA No. 796,
S.C.B.D. No. 3416.

Supreme Court of Oklahoma.

Jan. 13, 1988.

K. Lynn Anderson, Gen. Counsel, Gloria Miller White, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Catherine H. Peterson, Norman, for respondent.

### MEMORANDUM OPINION

ALMA WILSON, Justice:

Respondent lawyer was accused by Petitioner Bar Association of professional misconduct sufficient to warrant professional discipline.

Thereafter, Respondent stipulated to the following agreed facts, which stipulation was accepted and approved by each of the three members of the Professional Responsibility Tribunal:

■ In March, 1985, Respondent was retained by Wanda Dietz to collect nine (9) months of back child support owed to Ms. Dietz by her ex-husband, Dwayne E. Dietz. At that time, Respondent and Ms. Dietz entered into a written agreement clearly spelling out the charges and costs, and that the attorney fees would be on an hourly basis.

■ Settlement offers were made and an agreement was reached regarding the back child support. The agreed Journal Entry stated:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED BY THE COURT that the defendant be and is hereby ordered and directed to pay the arrearages of child support as follows: the sum of one thousand five hundred dollars ($1,500.00) instanter, and the sum of three hundred ($300.00) within sixty days of this order.

■ David Rambo, Mr. Dietz' attorney, tendered the $1,500.00 back child support check to Respondent on August 28, 1985. On August 30, 1985, Respondent deposited the $1,500.00 check in her "Attorney at Law" account. Respondent deposited the check representing child support arrearages into a business account and not a trust account. ·

### AGREED CONCLUSION OF LAW

It is agreed between the parties that Respondent's conduct in depositing the $1,500.00 back child support into her "Attorney at Law" account rather than her trust account, violated DR 9–102(A)(2) and DR 9–102(B)(4) of the Code of Professional Responsibility and constitutes grounds for professional discipline.

Having examined the pleadings, the stipulations and the recommended discipline submitted by the Oklahoma Bar Association, petitioner, and the Professional Responsibility Tribunal, the Court finds:

(1) On de novo review of the record before the Court, public censure is the appropriate sanction to be imposed for Respondent's misconduct.

(2) The Respondent shall pay costs of the proceedings in this matter in the amount of $477.87 as a condition precedent to reinstatement. Respondent has paid the agreed stipulated restitution to Wanda Deitz in the amount of $1,500.00.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, BY THIS COURT that the recommendation of the Professional Responsibility Tribunal is adopted, and Respondent herein be publicly censured by the Supreme Court of the State of Oklahoma.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, SIMMS, OPALA and SUMMERS, JJ., concur.

KAUGER, J., concurs in result.

HODGES, J., dissents.